IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-80828-TJM |
| | ) | |
| EDWARD JOHN REZNICEK and | ) | |
| MARGIE RUTH REZNICEK, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on June 16, 2008, regarding Filing #16, Motion to Dismiss for Other Reasons, filed by Trustee Kathleen Laughlin, Chapter 13 Trustee, and Filing #20, Resistance, filed by the debtors. David Hicks appeared for the debtors and Tom Kenny appeared for the Chapter 13 Trustee.

The Chapter 13 Trustee has moved to dismiss the Chapter 13 case because, from the point of view of the Trustee, the debtors are not eligible for Chapter 13 relief. The Code, at 11 U.S.C. § 109(e) provides that an individual is eligible for Chapter 13 relief if the individual owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $336,900.00 and non-contingent, liquidated, secured debts of less than $1,010,650.00.

In this case, Mid-City Bank has filed a claim for just less than $3,000,000 based upon a promissory note. The promissory note is signed by the debtors in their representative capacity as members of a limited liability company, and in their personal capacity. The note itself specifically provides that the debtors agree that they are responsible for payment of the note even if there is another entity (such as the LLC) which is also liable on the note.

Notwithstanding the terms of the note and their signatures in their personal capacity thereon, the debtors argue that the business relationship between them and the bank is in the nature of Mr. and Mrs. Reznicek as guarantors of the obligation of the LLC to the bank, making their liability contingent on the failure of the LLC to pay the bank. Mrs. Reznicek testified, by affidavit, that such has always been the business relationship and the bank is not looking to her and her husband to make the payments unless and until the LLC fails to make the payments. Up to this point in time, the LLC has made all of the payments and the bank has not requested that the debtors make any payments. No evidence was presented with regard to the position of the bank on this issue.

Based upon the plain language of the promissory note and the signature of the debtors in their personal capacity as makers, and not as guarantors, I find that the debtors are personally liable on the debt and such liability is neither contingent nor unliquidated. Therefore, they are ineligible for Chapter 13 relief.

IT IS ORDERED that the debtors shall be given until June 30, 2008, to convert to some other chapter. Failure to do so shall result in dismissal.

DATED:      June 16, 2008.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    David Hicks
    *Tom Kenny
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.